UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAMON B. BATES                  JURY TRIAL DEMANDED

v.                                      CASE NO.  3:15 cv

MONARCH RECOVERY MANAGEMENT, INC.

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3. Plaintiff is a natural person.

4. Defendant is in the business of third party debt collection.

5. Defendant regularly attempts to collect on defaulted personal credit card and other consumer accounts by use of the mails or telephone.

6. Monarch mailed collection letters to plaintiff at his address in North Haven CT.

7. Monarch's collection letters sought to collect a personal credit card issued by Citibank, N.A. for use at The Home Depot.

8. Monarch's initial letter was dated March 24, 2015, claimed a "Total Balance" of $711.98 as of the date of the letter, and offered to settle for $320.39.

9. The letter dated March 24, 2015 stated that "The amount due on the day you pay may be greater as interest may be added by the creditor. Hence, if you pay the total balance due show above, an adjustment may be necessary after we received your payment."

10. The letter dated March 24, 2015 also stated that "Please note the this settlement amount will change if the total balance due changes."

11.    Defendant also sent a letter dated May 1, 2015, which claimed a "Total Balance" of $711.98 as of the date of the letter, and offered to settle for $320.39.

12.    Defendant also sent a letter dated July 16, 2015, which claimed a "Total Balance" of $711.98 as of the date of the letter, and offered to settle for $320.39.

13.    No interest had been added after March 24, 2015, contrary to the assertion in the March 24, 2015 letter.

14.    Monarch knew at the time it sent the March 24, 2015 letter that no interest would be added and that the plaintiff would not be asked to pay an amount increased by interest.

15.    Each letter included the statement that "Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor."

16.    Monarch knew at the time it sent its letters that the tax disclosure was inapplicable, since there was no possibility that a 1099C form would be issued where, as here, the amount being discharged by settlement was $391.59.

17.    Monarch is not required to provide tax advice to the consumer.

18.    Monarch is not qualified to give tax advice to the consumer.

19.    If Monarch chooses to give tax advice to the consumer, it should at least mention that there are potentially applicable exceptions.

20.    Monarch's suggestion that the consumer expend funds to consult a legal or tax advisor is a ploy to get the consumer to pay the account instead of a paying for tax advice.

21. Monarch's reference to the Internal Revenue Service suggests that the consumer could be in trouble with that tax authority if he did not pay in full rather than settle.

22. Monarch's initial letter of March 24, 2015, was intentionally drafted in a format that obscured the disclosure required by §1692g. The text of the letter, after the tear-off payment stub, was 7 paragraphs long, each single spaced and totaling 27 lines of text in just over 4 inches. The second and fourth paragraphs were superfluous, with their references to non-existent interest and 1099C. Beginning at the 13th line of the letter, paragraph 5 set forth the mandatory §1692g disclosure for 7 lines. There were 9 more lines after the disclosure, with Paragraph 6 including several lines of verbiage as well. All 27 lines were in the same type size and font.

23. In the collection efforts, the defendant violated the FDCPA, § 1692e, or -g

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and such further relief as law or equity may provide.

                THE PLAINTIFF

*Joanne S. Faulkner*

                BY____/s/ Joanne S. Faulkner___
                JOANNE S. FAULKNER ct04137
                123 Avon Street
                New Haven, CT 06511-2422
                (203) 772-0395
                faulknerlawoffice@snet.net